**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

MICHAEL D. McCAIN, SR.,

            Petitioner,    :    Case No. 3:18-cv-067

  - vs -                     District Judge Walter Herbert Rice
                                   Magistrate Judge Michael R. Merz

EDDIE SHELDON, Warden,
  Mansfield Correctional Institution

                                     :

            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, initially filed in the United States District Court for the Northern District of Ohio, has been properly transferred to this Court under 28 U.S.C. § 2241(d)(ECF No. 5) because the two courts have concurrent jurisdiction. The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

McCain pleads sixteen grounds for relief from his conviction in the Montgomery County Common Pleas Court Case No. 2004 CR 0186 on charges of murder and aggravated robbery (Termination Entry, ECF No. 1-1, PageID 33). The Termination Entry was filed October 15, 2004, and the docket of the Common Pleas Court shows that McCain took no appeal.

28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under Ohio law, an appeal from the final judgment in a criminal case must be taken within thirty days of the date judgment is entered. That time would have expired on November 14, 2004, and the statute of limitations began to run on that date and expired one year later on November 15, 2005. According to Petitioner's declaration, he deposited the Petition into the prison mailing system on February 26, 2018, so that counts as the date of filing. Because that date is more than twelve years after the statute of limitations expired, the Petition is barred as untimely.

Offered an opportunity to explain why his Petition is timely, McCain explains that the law

clerks at his institution of confinement told him he had to exhaust state remedies first (Petition, ECF No. 1, PageID 14-15). While that is true, lack of exhaustion of state court remedies does not toll the statute of limitations. He also claims his trial attorney, Victor Hodge, did not tell him of the one year limitations. *Id.* Failure of a trial attorney to advise of that limitation period also does not toll the limitations period. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004).

The docket of the Second District Court of Appeals in Case No. CA 025947 shows that McCain sought leave to file a delayed appeal in October 2013 but that request was denied. Had the Second District granted a delayed appeal, that would have re-set the statute of limitations clock, but it did not do so.

The Magistrate Judge therefore respectfully recommends the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 9, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or

such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).