IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL D. McCAIN, SR.,
:
    Petitioner,

v.
:    Case No. 3:18-cv-067

EDDIE SHELDON, Warden,
Mansfield Correctional
Institution,
:    JUDGE WALTER H. RICE

    Respondent.

---

DECISION AND ENTRY OVERRULING PETITIONER'S MOTION TO RECONSIDER REQUEST TO EXPAND THE RECORD AND REQUEST FOR ADDITIONAL TIME TO FILE TRAVERSE (DOC. #24); REVOKING, IN INTEREST OF JUDICIAL EFFICIENCY, REFERRAL OF THIS MATTER TO MAGISTRATE JUDGE MICHAEL R. MERZ; SUSTAINING RESPONDENT'S MOTION TO DISMISS (DOC.# 17); DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (DOC. #1); JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; CERTIFICATE OF APPEALABILITY DENIED; ANTICIPATED REQUEST TO APPEAL IN FORMA PAUPERIS DENIED;TERMINATION ENTRY

---

    This matter is before the Court pursuant to Petitioner's request that this Court reconsider an earlier ruling of the Magistrate Judge, Doc. #22, and permit the Petitioner an extension of time for him to respond to the Respondent's Motion to Dismiss, Doc. #17, and to expand the record in order to include certain state court materials. Doc. #24. Specifically, the Petitioner has requested that this Court expand the state court record in order to include a video and transcript of his arraignment in state court, which occurred May 25, 2004, as well as a Referee's

Report" and "full copy of the Bond Receipt." Doc. #24, PAGEID#2; Doc. #16, PAGEID#173. The Petitioner has also requested a "stay of the proceedings" and a Certificate of Appealability. Notwithstanding this request for additional time, the Petitioner has filed a 40-page Traverse, Doc. # 23, in response to the Respondent's motion to dismiss, Doc. #17.[1] Although this Court's General Order had referred this matter to Magistrate Judge Merz, in the interest of judicial efficiency, the Court will withdraw the Reference and will decide all motions, Doc. ##17 and 24. For the reasons set forth below, Petitioner's request to extend his time to respond to the motion to dismiss (styled by Petitioner as a Traverse) and request to expand the record is OVERRULED and the Respondent's motion to dismiss, based on the statute of limitations, is SUSTAINED.

I. **Procedural Background**

Although the Respondent sets forth a detailed history of this case and the Petitioner's many collateral filings in state court, Doc. #17, PAGEID##1593-1604, the essential facts are these: The Petitioner was indicted in May of 2004 on one count of felony murder in violation of Ohio Revised Code § 2903.02(B) (Count 1), one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1) (Count 2), and one count of falsification in violation of Ohio Revised Code § 2921.13(A)(3) (Count 3). Doc. #16, PAGEID #170. At his arraignment, with his Court

---

[1] In reality, the Traverse is a memorandum in opposition to said motion to dismiss.

2

appointed attorney not present, a plea of not guilty was entered on his behalf by the arraigning Judge, Doc. #16, PAGEID#173, with the docket showing that the Petitioner was standing "mute." Subsequently, his counsel sought a competency evaluation and entered a plea of not guilty by reason of insanity. Doc. #16, PAGEID#174. Two mental health evaluations later, the Petitioner was found competent to stand trial, Doc. #16, PAGEID#176. On September 28, 2004, the Petitioner withdrew his former plea of not guilty by reason of insanity and entered a plea of guilty to the charges of murder and aggravated robbery (Counts 1 & 2), with the falsification charge (Count 3) being dismissed. Doc. #16, PAGEID ##177-179. On October 12, 2004, the trial court sentenced the Petitioner to concurrent terms of 15 years to life in prison for the felony murder conviction and 7 years in prison for the aggravated robbery conviction. Doc. #16, Case No. 2004 CR 01865, PAGEID #181. The Termination Entry filed by the Court on October 15, 2004, for murder, unclassified, and aggravated robbery included a statement that "following the defendant's [Petitioner's] release from prison, the defendant [Petitioner] will/may serve a period of post-release control under the supervision of the parole board..." Doc. #16, PAGEID##181-182

Although the Petitioner failed to file timely a direct appeal, he did file, *pro se*, a number of post-conviction appeals and related filings.[2]

---

[2] Nearly 9 years after sentencing, on October 11, 2013, McCain, *pro se*, filed a notice of appeal and a motion for leave to file a delayed appeal in the Second District Court of Appeals, Montgomery County, Ohio. Doc. #16, PAGEID##183 and186. The Petitioner also pursued post-conviction relief by filing a petition to set aside the judgment citing Criminal Rule 11, 32.1, and 32.2. Doc. #16, PAGEID#230, as well as a petition for a stay of execution

Of relevance to this matter is the filing, on July 12, 2016, by the state trial court of an Amended Termination Entry.[3] Doc. 16-3, PAGEID#1498. In the Amended Termination Entry, the trial court terminated and vacated the term of post-release control for the Petitioner's 2004 aggravated robbery conviction, Doc. #16-3 PAGEID#1498, and stated the following:

> It appearing to the court that the original Termination Entry filed herein on October 15, 2004 [,] did not properly specify that the period of post release control for the aggravated robbery count would be mandatory, that the court being advised that the Defendant has completed the prison term on the aggravated robbery count, any requirement that Defendant serve a period of post release control on the aggravated robbery count is TERMINATED or VACATED.

*Id.*

---

arguing that the filing of a bankruptcy action bars all debt collection. Doc. #16, PAGEID# 440. On December 10, 2013, The Petitioner filed a petition to withdraw his guilty plea pursuant to Criminal Rule 32.1. Doc. #16-1, PAGEID#733, and on July 10, 2014, he filed a supplement to his withdrawal of his guilty plea. Doc. #16-1, PAGEID#736. On May 11, 2015, the Petitioner filed a petition for resentencing, alleging errors in the notifications regarding post-release control. Doc. #16-2, PAGEID#1012. Finally, on March 9, 2016, a "petition to set aside the judgment and vacate the conviction[s] on the plea waiver on the indictment" in the Montgomery County Court of Common Pleas was filed. Doc. #16-2, PAGEID#1101. All of the Petitioner's "post-conviction motions were overruled, and the decisions of the trial court were affirmed in subsequent appeals. See, *State v. McCain*, 2nd Dist. Montgomery No. 26020, 2014-Ohio-2819 (McCain I, untimely petition for post-conviction relief); *State v. McCain*, 2nd Dist. Montgomery No. 26356, 2015-Ohio-449, motion for delayed appeal denied, 143 Ohio St.3d 1415, 2015-Ohio-2911, 34 N.E.3d 929 (McCain II, withdrawal of guilty pleas on basis of alleged "judicial bias" and improper warning re post release control); *State v. McCain*, 2nd Dist. Montgomery No.27195, 2017-Ohio-7518, appeal not allowed, 151 Ohio St.3d 1514, 2018-Ohio-365, 90 N.E.3d 952 (McCain III, 2016 motions to withdraw pleas and petition for post-conviction relief)." *State v. McCain*, 2nd Dist. Montgomery Co. 27533, June 22, 2018 2018 WL 3090037*1.

[3] On July 12, 2014, the state trial court had filed an Amended Termination Entry which it later "vacated and held for naught" by a Decision Order and Entry filed July 12, 2016. Doc. #16-3, PAGEID#1496.

4

At the time of the filing of this Amended Termination Entry, the Petitioner was still in prison serving his sentence for the murder conviction.

On February 26, 2018, Petitioner deposited in the prison mail system his Petition for a writ of habeas corpus. On March 9, 2018, the Magistrate Judge filed a Report and Recommendations recommending that the petition be dismissed "with prejudice as barred by the statute of limitations." Doc. #7. The Magistrate Judge noted that "McCain pleads sixteen grounds for relief from his conviction in the Montgomery County Common Pleas Court Case No. 2004 CR 0186 on charges of murder and aggravated robbery (citation omitted). The Termination Entry was filed October 15, 2004, and the docket of the Common Pleas Court shows that McCain took no appeal. *Id.* PAGEID#53. Citing 28 U.S.C. § 2244(d) and under Ohio law, the Magistrate Judge calculated that "the appeal time expired on November 14, 2004, and the statute of limitations began to run on that date and expired one year later on November 15, 2005." *Id.* PAGEID#54. Because the filing date of February 26, 2018, "is more than twelve years after the statute of limitations expired, the Petition is barred as untimely." *Id.*[4]

Following the filing by the Petitioner of objections, and a Recommittal Order by this Court, Doc. ##10 and 11, the Magistrate Judge, on March 28, 2018, issued

---

[4] The Report and Recommendations also stated that the docket of the Second District Court of Appeals in Case No. CA 025947 showed that, in October 2013, Petitioner's leave to file a delayed appeal was denied. "Had the Second District granted a delayed appeal, that would have re-set the statute of limitations clock, but it did not do so." *Id.*, PAGEID#55.

5

an order withdrawing the earlier report and recommendation and directed that an answer be filed by the Respondent along with "those portions of the state court record needed to adjudicate this case." Doc. #12, PAGEID#157. The Magistrate Judge explained that because the Petitioner's "argument in his Objections is difficult to follow, the Magistrate Judge on reconsideration has examined the docket" in the trial court case and in doing so discovered

> ...that on July 12, 2016, Common Pleas Judge Mary Katherine Huffman entered an Amended Termination Entry. McCain appealed and the Second District Court of Appeals considered the appeal on the merits, implicitly determining that the Amended Termination Entry was a final appealable ordered under Ohio law. The Second District affirmed Judge Huffman and the Ohio Supreme Court declined review. *State v. McCain*, 2017-Ohio-7518 (2nd Dist. Sep. 8, 2017), appellate jurisdiction declined 151 Ohio St. 3d 1514 (Jan. 31, 2018).
>
> Entry of an amended judgement of conviction in state court re-sets the statute of limitations date under 28 U.S.C. § 2244(d). *In re Stansell*, 828 F.3d 412 (6th Cir. 2016); *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016); *Brown v. Harris*, 2018 U.S. Dist. LEXIS 31483 (S.D. Ohio Feb. 27, 2018). Therefore[,] the Magistrate Judge's Report and Recommendations is WITHDRAWN.

*Id.*, PAGEID##157 and 157. [5]

On June 18, 2018, a motion to dismiss the petition was filed by the Respondent based on the statute of limitations. Doc. #17. Respondent argued that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) barred the

---

[5] As noted by the appellate court in overruling Petitioner's challenge to the trial court's decision to issue an amended termination entry, and as will be discussed later in this Decision and Entry, Petitioner suffered no prejudice from Judge Huffman's July 12, 2016, entry. *State v. McCain*, September 8, 2017, 2017 WL 3971656, *5.

Petitioner's petition because the conviction became final thirty days after the trial

court sentenced him or on November 11, 2004. Doc. #16, PAGEID #181.

> Therefore, absent any tolling, McCain's AEDPA one-year began to run
> on November 12, 2004, and expired one year later.
>
> McCain failed to file any actions that would serve to toll the
> limitations period. Based on the foregoing, the statute of limitations ran
> until it expired on November 11, 2005, and McCain's habeas petition filed
> on February 26, 2018[,] is untimely.

*Id.* PAGEID#1610.

With respect to the 2014 and 2016 Amended Judgment Entries, the

Respondent argued that because these entries benefitted the Petitioner, by

"reducing his sentence," there is no "new judgment" and the statute of

limitations is not restarted. *Id.* PAGEID##1610 and 1611.

The Petitioner requested and received from the Magistrate Judge an

extension to August 21, 2018, to file his response to the Motion to Dismiss. Doc.

#21. However, the Petitioner's second request for an extension of time to respond

and to expand the record to include certain state court materials was denied. Doc.

#22. On August 20, 2018, the Petitioner filed his 40-page Traverse, Doc. #23 (in

reality, a memorandum in opposition to Respondent's motion to dismiss), and, on

that same date, filed his request for reconsideration with this Court requesting an

extension of time to October 21, 2018, an expansion of the record, a stay of

proceedings and a Certificate of Appealability. Doc. #24, PAGEID#1693.

## II. Request for an Extension of Time and to Expand the Record

Because the Petitioner filed his Traverse on August 20, 2016, Doc. #23, his request for an extension of time is overruled. With respect to the Petitioner's request to expand the record to include certain state court proceedings, this request is also overruled.

On June 18, 2018, the Respondent filed, pursuant to the order of the Magistrate Judge, the state court record. Doc. #16. Moreover, the Petitioner's affidavit and attachments to his request for an extension of time and to expand the record indicate that he has access to the arraignment video, which appears to be one of the state court materials that he is requesting. Doc. ##24-1and 24-2. Finally, in *McCain v. Huffman*, 151 Ohio St.3d 611 (2017), the Ohio Supreme Court addressed the Petitioner's requests for the records of his arraignment.

> Regarding [appellant's] request for records of his arraignment, R.C. 149.43(B)(8) provides that there is no duty to provide public records requested by an inmate unless "the judge who imposed the sentence * * *, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person." [Petitioner] seeks the requested records in order to prove that he tried to plead guilty at his arraignment and to disprove Judge Froelich's finding that [Petitioner] failed to state a plea. But the outcome of this dispute is of no legal consequence: even if he proved his version of events, [Petitioner] would not be entitled to mandamus relief against Judge Huffman. Therefore, [Petitioner's] request for records of his arraignment was correctly denied.

*Id.* at 615.

Given the issues outlined in the Petitioner's habeas corpus petition, the records available to the Petitioner and this Court are more than sufficient to

8

decide this matter upon the issues raised by the Petitioner. In addition, no-felony arraigning Judge would accept a plea of guilty to a homicide, at the arraignment, when a defendant's court appointed attorney was not present. Even if true, Petitioner has not, and cannot, show that he suffered any negative consequences as a result of his not being allowed to plead guilty at the arraignment.

## III. Motion to Dismiss

The Petitioner's habeas corpus petition lists 16 Grounds. Doc. #1, PAGEID# 5, 7-8, 11, 16-17, 19, 21-25. Although the Grounds are difficult to understand and largely unintelligible, the Court agrees with the Respondent that Grounds Three, Four, Six, Seven, Eleven, Thirteen and Fourteen appear to relate to errors on postconviction review and, as such, are not subject to federal habeas corpus review. *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986) (claims of denial of Sixth Amendment right to effective assistance of counsel, denial of due process and equal protection in state postconviction proceeding were unrelated to his detention and could not be brought in federal habeas corpus proceeding); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002)(alleged failure of state court to review late-filed transcript in post-conviction proceedings is without merit since the claim is not cognizable on federal habeas review); *Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002)(claims of alleged judicial bias that occurred during state-post conviction proceedings provide no basis for federal habeas relief). The Respondent argues that the remaining grounds, One, Two, Five, Eight, Nine, Ten, Twelve, Fifteen and

Sixteen, are untimely due to the one-year statute of limitations established in Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). This section reads, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Although on its face the Petition is beyond the one-year statute in § 2244(d), and subject to dismissal, as noted by the Magistrate Judge, "[E]ntry of an amended judgment of conviction in state court re-sets the statute of limitations date under 28 U.S.C. § 2244(d). *In re Stansell*, 828 F.3d412 (6th Cir. 2016); *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016); *Brown v. Harris*, 2018 U.S. Dist. LEXIS 31483 (S.D. Ohio Feb. 27, 2018)." Doc. #12, PAGEID#156. While the Court agrees that an entry that alters a sentence to include new terms that either increases confinement or restricts liberty after release creates a "new judgment," the Amended Termination Entry of July 12, 2016, did not create a "new sentence"

that included any new terms affecting either his confinement or his post-release liberty. *Magwood v. Patterson*, 561 U.S. 320 (2010) (a federal habeas petition is not second or successive if it challenges a "new judgment" issued after the prisoner filed his first petition; a new judgment is one that "authorizes a prisoner's confinement"). In fact, the Amended Judgment Entry benefitted the Petitioner by removing and vacating any post-release control and thus did not re-set the one-year statute under § 2244(d).[6]

*In re Stansell* involved a petitioner who pleaded guilty to multiple sex-related felonies, was sentenced to twenty years to life in prison and, following an unsuccessful appeal and denial of his habeas petition, was ultimately designated a "sexually violent predator" pursuant to Ohio Rev. Code §§ 2971.01(H)(1), 2971.03(A)(3). In the process of his appeal, the appellate court also ruled that the trial court had erred when, as part of the petitioner's original sentencing, it failed to impose a five-year term of post-release control. Ohio Rev. Code § 2967.01(N). The Sixth Circuit, in reviewing the federal habeas filing, held that the revised custodial sentence imposed by the trial court, pursuant to the decision of the state appellate court, was a "new judgment" for federal habeas purposes, since it now imposed upon the petitioner a five-year term of post-release control which included a potential sanction by the parole authority, including sending the

---

[6] The Eleventh Circuit also recognized that no federal habeas relief was permitted in a resentencing when a resentencing and/or new entry bestowed benefits to a prisoner. *Patterson v Secretary, Florida Department of Correction*, 849 F.3d 1321(11th Cir. 2017).

11

petitioner back to prison, for any violations. The Court, however, was careful to note that not every change to a sentence would permit successive habeas filings.

> ...we do not imply that any change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the type of change that creates a new judgment for purposes of the second or successive bar.... We need not decide what happens if a state court alters the non-custodial aspects of the petitioner's sentence (by vacating a restitution obligation or imposing a fine, for example); or if it vacates the sentence on one of the petitioner's counts but continues to hold him in custody under the sentence imposed on another; or if, assuming that the same second or successive rules apply in the federal context, a court grants a motion to reduce an applicant's sentence due to a guidelines amendment or substantial assistance.

*Id.* at 419.

Consistent with the above, the Sixth Circuit in *Crangle*, 838 F.3d 679, found that a state trial court's *nunc pro tunc* order correcting judgment of a conviction for a petitioner who was originally sentenced to life imprisonment with parole eligibility after ten years, to now include five years mandatory post-release sanctions, <u>materially increased</u> potential restrictions on his liberty. As a result, the *nunc pro tunc* order constituted a new judgment that reset the one-year limitations period to file a habeas petition pursuant to § 2244(d)(1). In its decision, however, the *Crangle* Court also considered "limited resentencing" that benefits a prisoner.

> Our analysis is consistent with a line of cases in which a limited resentencing benefits the prisoner, such as in a sentence-reduction proceeding under 18 U.S.C. § 3582(c) or Criminal Rule 35(b). Such sentence modifications, federal law provides, do not disturb the underlying initial judgment, which continues to 'constitute[ ] a final judgment.' 18 U.S.C. § 3582(b). As several other courts of appeals

have noted, such 'a reduced sentence [is] not a new one." *United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015) (§ 3582(c)); see, e.g., *White v. United States*, 745 F.3d 834, 836–37 (7th Cir. 2014) (§3582(c)); *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (Rule 35(b)); *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (Rule 35(b)) (collecting cases); see also *Reichert v. United States*, 101 Fed.Appx. 13, 14 (6th Cir. 2004) (Rule 35(b)).

*Id.* at 678.

Unlike *In re Stansell* and *Crangle*, the Amended Termination Entry of July 12, 2016, did not increase the Petitioner's sentence nor was it a "partial resentencing." In fact, the Entry unequivocally removed any post release control by vacating that portion of the Petitioner's sentence.[7] Although at the time of the Amended Termination Entry, the Petitioner was concurrently serving his sentence for murder, there is no argument that he did not receive a benefit by having the post-release control requirement removed from his aggravated robbery sentence and vacated.[8] As noted by the state appellate court decision which reviewed the Petitioner's challenge to the trial court's decision to issue the Amended Judgment Entry of July 12, 2016, the Petitioner suffered no prejudice from this July 12, 2016

---

[7] *Brown v. Harris*, Case No. 3:17-cv-080, 2018 WL 1069986, (S.D. Ohio February 27, 2018), also concerned an amended termination entry in which the state trial court judge gave the petitioner an oral advisement of a five-year term of post-release control. Unlike the Petitioner herein, however, Brown had not completed serving his sentence.

[8] Although the Petitioner argues that he was not correctly advised concerning the post-release control for aggravated robbery, the appellate court, in reviewing the Petitioner's overruling of his post-sentence motion to withdraw guilty plea, found that "[T]he trial court also correctly advised McCain that he was subject to a mandatory period of post-release control for aggravated robbery and not eligible for community control sanctions per his plea agreement. McCain indicated that he understood all of the information provided to him by the trial court at the plea hearing." *State of Ohio v McCain*, 2015 WL 502301, February 6, 2015 No. 26356 *7.

Entry. "'It is an elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him.'" *State of Ohio v. McCain*, No. 27195, 2017 WL 3971656, *5 (Second District, September 8, 2017), citing *In re A.L.*, 2nd Dist. Montgomery No. 25740, 2014-Ohio-46, ¶ 14 quoting *Smith v. Flesher*, 12 Ohio St. 2d 107 (1967). The state appellate court reviewed the Amended Judgment Entry of July 12, 2016, and its review must be given deference in this federal habeas proceeding. *Harrington v. Richter*, 562 U.S. 86 (2011) (state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of that decision).

The Petitioner also seems to assert in his petition that the statute of limitations should be extended, pursuant to § 2244(d)(1)(D), since he received information from "the Law Library Clerks" that would excuse his failure to comply with the one-year limitation period. To the extent that Petitioner's assertion can be construed as a due diligence argument, he "bears the burden of proving that he exercised due diligence." See *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)."). Because the reference to "the Law Library Clerks" in the petition appears to be the only evidence presented, the Petitioner's burden of proof under 28 U.S.C. § 2244(d)(1)(D) has not been met. *Shorter v. Richard*, 659 Fed. Appx. 227, 232 (6th

Cir. 2016) (state prisoner did not act with due diligence, as required to trigger renewal of one-year limitation period under Antiterrorism and Effective Death Penalty Act (AEDPA), after state court of appeals declined to hear his delayed direct appeal). Finally, the Petitioner has made no argument that he has any right to equitable tolling as set forth in *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. Ohio 2011) (prisoner not entitled to equitable tolling, since he did not establish that he has been pursuing his rights diligently and failed to show that some extraordinary circumstance stood in his way and prevented timely filing).

By failing to timely appeal, the Petitioner failed to exhaust his state remedies. *O'Sullivan v Boerckel*, 526 U.S. 838, 842 (petitioner's exhaustion burden is satisfied if the petitioner presents the factual and legal basis of all his claims to the highest state court, thus giving the state an opportunity to adjudicate the claims before the petitioner seeks habeas relief in federal court). Accordingly, the Petitioner's federal habeas writ is untimely pursuant to 28 U.S.C. § 2244(d).

## IV. Conclusion

For the reasons set forth above, the Petitioner's Request to Expand the Record and his Request for Additional Time to File Traverse, Doc. #24, are OVERRULED and the Respondent's Motion to Dismiss, Doc.# 17, is SUSTAINED.

The Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

Judgment is to enter in favor of Respondent and against the Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be *objectively* frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned case is hereby terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

Date: March 29, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE